# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | NO. 3:19-cr-00298 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| TRU BOOKER ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Sever Count One (Doc. No. 28), through which Defendant requests the Court to sever Count One of the Indictment from Counts Two, Three, and Four pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure. The Government opposes the Motion. (Doc. No. 33). For the reasons discussed below, Defendant's Motion is **DENIED**.

Defendant Tru Booker argues that severance is appropriate because he would be unduly prejudiced by evidence of Count One being mixed with Counts Two, Three, and Four. (Doc. No. 28). Booker asserts that the Government is expected to tell the jury as to Count One that he was involved in a drug related shooting involving a death and that he caused the death. Booker argues the prejudice is that spillover evidence would incite or arouse the jury to convict him on Counts Two, Three, and Four. Additionally, Booker argues that the jury will not be able to keep the evidence from each offense separate and will be unable to render a fair and impartial verdict on each offense. The Government argues that severance is not appropriate because, while the charged offenses all revolve around Defendant's possession of controlled substances for distribution and a firearm while using his personal automobile as a drug distribution center, the jury will be able to distinguish between evidence related to each Count because the offenses occurred within three

weeks of each other, in different locations, and the Government will only call one witness who will discuss both incidents.[1]

Under Federal Rule of Criminal Procedure 14(a), a district court may order separate trials for a defendant facing a multi-count indictment if the "joinder of offenses... appears to prejudice a defendant[.]" "In order to prevail on a motion for severance, a defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005). "Prejudice arises when 'there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence.'" *United States v. Soto*, 794 F.3d 635, 656 (6th Cir. 2015) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). "In determining whether a defendant [will suffer] prejudice, courts consider such factors as whether spillover evidence would incite or arouse the jury to convict on the remaining counts, whether the evidence was intertwined, the similarities and differences between the evidence, the strength of the government's case, and the ability of the jury to separate the evidence." *United States v. Serrano-Ramirez*, 319 F. Supp. 3d 918, 926 (M.D. Tenn. 2018) (quoting *United States v. Dale*, 429 Fed. Appx. 576, 578 (6th Cir. 2011)).

Count One concerns an incident that occurred on July 8, 2019, in which Defendant was shot twice and another individual was shot and later died. Count One charges Defendant with

---

[1] In its response, the Government acknowledges that proper joinder under Rule 8 is not expressly raised by Booker, but addresses "both Rule 8 and 14 in the event the Defendant's Motion could be read to raise a challenge under both rules." (Doc. No. 33 at 5 n.1). Because improper joinder under Rule 8 is not the basis for Defendant's Motion, the Court finds it unnecessary to address Rule 8, other than to note that "[i]f the requirements of Rule 8 are not met, 'the district court has no discretion on the question of severance.'" *See United States v. Darden*, 346 F. Supp. 3d 1096, 1124 (M.D. Tenn. 2018) (quoting *United States v. Cody*, 498 F.3d 582, 586 (6th Cir. 2007)).

possession, use, brandishing, and discharge of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. No. 1). Counts Two, Three, and Four concern events that took place on July 28, 2019, after Defendant was involved in a traffic accident. Count Two charges the possession with intent to distribute marijuana and methamphetamine, in violation of 21 U.S.C. § 841(a)(1); Count Three charges the possession of a firearm by an unlawful drug user or addict, in violation of 18 U.S.C. §§ 922(g)(3), 924; and Count Four charges the possession of a firearm in furtherance of drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. No. 1).

"The Sixth Circuit presumes that the jury is capable of 'sorting out the evidence and considering each count ... separately.'" *Serrano-Ramirez*, 319 F. Supp. 3d at 926 (quoting *United States v. Swift*, 809 F.2d 320, 323 (6th Cir. 1987)). Here, the Court believes that the jury will be able to compartmentalize the evidence related to each of the charges because the Government's case is built around two distinct events on two distinct dates: the July 8th event in Booker's grandmother's driveway and the July 28th traffic accident event. The Court recognizes that a trial in which Booker is tried on all four counts could result in some spillover, and that the nature of Booker's alleged activities, if proven, has the potential to arouse the jury. However, the Court is not persuaded that "spillover" evidence would incite the jury to disregard its instructions and convict Booker on other charges. Booker has not demonstrated compelling or substantial prejudice will result from a joint trial that cannot be cured with appropriate limiting instructions regarding the consideration of particular items of evidence and regarding separate consideration of each count. *See United States v. Johnson*, 256 F. Supp. 3d 763, 770 (M.D. Tenn. 2017) ("Even where the risk of prejudice is high, less drastic measures, such as limiting instructions, often will suffice

to cure any risk of prejudice.") (quoting *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008)).

Accordingly, the Motion to Sever Count One (Doc. No. 28) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE